IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, #A0259019, et al., | ) CIV. NO. 18-00470 LEK-RT |
| | ) |
| Plaintiffs, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) |
| DAVID IGE, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DISMISSING COMPLAINT
## WITH LEAVE TO AMEND

Before the court is pro se Plaintiff Joseph Pitts's prisoner civil rights

Complaint brought pursuant to 42 U.S.C. § 1983. Pitts labels the Complaint as a

"class action" brought on behalf of himself, inmates Brandon Harter and

Austin McMillin (also named as "Plaintiffs"), and "all prisoners who are or will be

confined at Oahu Community Correctional Center" (OCCC).[1] Compl., ECF No. 1,

PageID #2.

In the caption, Pitts names as Defendants Hawaii Governor David Ige;

Department of Public Safety (DPS) Director Nolan Espinda, DPS Corrections

Division Administrators Cathy Ross and/or Jodie Maesaka-Hirata, and DPS

---

[1] Pitts has been housed at the Halawa Correctional Facility (HCF), since approximately 12/14/2016. *See Pitts v. Espinda*, No. 1:15-cv-00483 JMS (D. Haw. 2015), ECF No. 71-2 (Pitts envelope mailed 12/14/2016 from HCF).

Assistant Administrator of Corrections Shawn H. Tsuhu; OCCC Chief of Security Denise Johnston, OCCC Corrections Officers Sgt. Blue and ACO Laredo, and OCCC Case Manager Andrea Baryuga; Larry Hoffman; Michael J. Hoffman; John and Jane Does 1-100 (collectively, Defendants).  *See* Compl., ECF No. 1.  Pitts refers broadly to "Defendants" throughout the Complaint, omits Defendants Larry and Michael J. Hoffman from his list of Defendants within the Complaint (and provides no details regarding them or their connection to his claims), and explicitly names only Defendant Barayuga within any claim.  *See id.*, PageID #3-4, #5-9.

Pitts alleges Defendants violated his and other OCCC prisoners' constitutional rights under the Eighth and/or Fourteenth Amendments by allowing overcrowded conditions to persist at OCCC.  He seeks monetary and injunctive relief.  For the following reasons, the Complaint is DISMISSED with leave to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for failure to state a colorable claim for relief.

## I.  <u>STATUTORY SCREENING</u>

The court must conduct a pre-Answer screening of all prisoners' pleadings.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203

F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Specific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The court must accept

the complaint's allegations as true, *Erickson*, 551 U.S. at 94, and construe the pleading in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>[2]

Pitts was housed at OCCC for approximately six months between May and December 2016, while he awaited resentencing in state criminal proceedings. Pitts introduces his claims by alleging:

> Overcrowding at OCCC not only exacerbates the problems there[,] it is frequently the root of and cause of most deplorable conditions in prisons and jails. It depletes resources, overtaxes support systems and services creating a toxic environment. Increases stress, violence, tension[.] Look at the sheer number of assaults by staff and prisoners dying at OCCC. Deficient Medical Unit. Contagious communicable

---

[2] Pitts's facts are accepted as true and construed in his favor; his conclusions of law are not. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

4

infections, diseases being spread.  Inadequate mental health care.
Constant lack of staff and qualified mental health psychiatrists.
OCCC has got to be the oldest most "non" compliant Jail in the
United States of America and sole cause of distress and unnecessary
pain and suffering.

Compl., ECF No. 1, PageID #5.

Pitts confines his claims to the areas where he was personally housed in

2016: the Special Holding Unit and the Module.  Pitts alleges that black mold

covers the entire ceiling in the Module, the roof leaked, and water pooled on the

floor when it rained, despite trash cans placed about to catch the rain.  Pitts says

that: he was on lockdown for "23/24 hours a day," during which no showers or

recreation were provided "for weeks into months;" three prisoners were housed in

double-bunk cells, forcing Pitts or another inmate to sleep on the floor; there was

only 3' by 5' feet within which to walk in the cell; inmates were denied outside

recreation for weeks at a time; the toilets flushed once per hour, creating bad odor;

cockroaches crawled on Pitts's face and bit him while he slept; the air conditioning

often malfunctioned, making cell conditions "suffocating" at times ; [3] and mail was

often delivered late.  *See id.*, PageID #6-7.  Pitts says that Defendant Barayuga

"rarely" allowed him calls or visits with his attorney, which left him unprepared for

---

[3] Pitts "believes" that an inmate died from heat stroke due to the malfunctioning air
conditioner, but provides no further details.  Compl., ECF No. 1, PageID #7.

his resentencing hearing and may have resulted in the denial of Pitts's motions. *Id.*, PageID #7.

Pitts was also housed in the Special Holding Unit (SHU) where he alleges conditions were worse than in the Module. Pitts says that: he was housed with another inmate with only 12' by 2' of floor space; the toilet was inches from the bunk; there was no electricity in the cell (making it impossible to read after sunset); rats entered through holes in the cell wall;[4] the roof leaked ("especially if a prisoner floods his toilet due to frustration"); there was no hot water in the sink or shower; and there was no air conditioning. *Id.*, PageID #8. Pitts alleges these conditions cased "fights, frustration, one of the reasons reportedly [an inmate] was raped and murdered by his cell mate." *Id.*, PageID #8.

Pitts alleges "OCCC was. . . serving [inmates] less than 1200 calories a day." *Id.* Pitts says that he knew this because he had worked in the HCF kitchen and knew proper serving sizes. He says the food trays were moldy and had old food from previous meals stuck to them. He claims that medical and mental health care was deficient, although he alleges no specific incidents when *he* was denied such care.[5]

---

[4] Pitts says that another prisoner was bitten by a rat. Compl., ECF No. 1, PageID #8.

[5] Pitts says, "[a]ccording to reports had the Medical unit and Officers responded swiftly
(continued...)

Finally, Pitts complains that the conditions at OCCC violate "Case No. 84-1104 a mandatory consent degree . . . lodged regarding the overcrowding and deplorable conditions at OCCC."[6] *Id.* Pitts alleges Defendant Espinda commented in the Star Advertiser newspaper in March 2016, that "he would reduce the overcrowding at OCCC," showing that Espinda was aware that OCCC was overcrowded while Pitts was there.

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

---

[5](...continued)
on day prisoner was non responsive due to heat stroke he may have survived." *Id.*, PageID #9.

[6] Pitts refers to *Spears v. Waihee*, Civ. No. 1:84-cv-01104 SPK (D. Haw.), in which a consent decree was entered regarding conditions at OCCC and the Women's Community Correctional Center. That action was closed on 02/18/2011, and is not available on the court's Case Management/Electronic Case Filing (CM/ECF) system.

*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007)

(quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

A plaintiff must also allege that he suffered a specific injury as a result of a

particular defendant's conduct and allege an affirmative link between the injury

and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A.     Pitts May Not Pursue a Class Action Pro Se

Pitts states that he understands that he cannot comply with Federal Rule of

Civil Procedure 23 and represent a class action as a pro se litigant.  Compl., ECF

No. 1, PageID #1.  He nonetheless labels the Complaint as a class action brought

on behalf of himself, Brandon Harter, Austin McMillin, and all other inmates who

are or may be confined at OCCC.  Pitts submits Harter's and Austin's affidavits, in

which they indicate that, if Pitts successfully secures counsel, they would like to be

parties of this class action.  *See* Harter Dec., ECF No. 1-1; McMillan Dec., ECF

No. 1-2.

Pitts is not a lawyer and he is not represented by counsel; he cannot

represent others in a class action or litigate a claim for any other person.  *See* 28

U.S.C. § 1654; *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982)

(stating a party cannot assert rights of third parties) (citing *Duke Power Co. v.*

*Carolina Envtl. al Study Group*, 438 U.S. 59, 80 (1978) ).  It is well established

that a layperson cannot ordinarily represent the interests of a class.  *See White v.*

*Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action

claims because a pro se plaintiff was unable to act as an adequate class

representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring class representative to be

able "to fairly and adequately protect the interests of the class"); *McShane v.*

*United States*, 366 F.2d 286, 288 (9th Cir. 1966) (stating lay person lacks authority

to appear as an attorney for others)).  "[C]ourts have routinely adhered to the

general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others."

*Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

　　No statutory exception to this general rule is evident here, *see id.* at 664 n.6,

and Pitts "has no authority to appear as an attorney for others than himself,"

*McShane*, 366 F.2d at 288.  To the extent this action is intended as a class action, it

is DISMISSED.

### 1.　　*Permissive Joinder Not Warranted*

　　Even if Harter and McMillan sought to join Pitts as co-plaintiffs without

counsel, which is *not* what they state in their declarations, they are *each* required to

sign the Complaint, assert their own claims showing the deprivation of their own

rights, submit separate applications to proceed in forma pauperis, and eventually

pay at least some portion of the civil filing fee. *See* 28 U.S.C. § 1915(b)(1) (expressly requiring prisoners proceeding in forma pauperis pay the full amount of the filing fee). While some courts have allowed prisoner-plaintiffs to join in one action, they have required the full filing fee from *each* prisoner. *See e.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001). This appears to conflict with § 1915(b)(3), which provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee, the fees collected would exceed the amount permitted by statute, in violation of § 1915(b)(3).

Harter and Austin have not signed the Complaint and it contains no allegations regarding their personal experiences with overcrowding at OCCC. To prevent the problems that will undoubtedly arise in case management of a multiple plaintiff pro se prisoner action, and avoid collecting excessive filing fees, Harter and Austin may assert their own claims in separate actions, which may later be consolidated with this action if that is in the interests of justice. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that

10

might arise in event of dismissal).  Harter and Austin are DISMISSED as Plaintiffs.

## B.    Claims for Injunctive Relief Dismissed as Moot

Although Pitts is not explicit, the court construes the Complaint as naming Defendants in their official capacities regarding his claims for injunctive relief and in their individual capacities regarding his claims for damages, because the "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.  Official capacity Defendants are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds*

*by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Although Pitts alleges an ongoing violation of federal law based on continued overcrowding at OCCC, he has not been incarcerated at OCCC since mid-December 2016. Pitts has no first-hand knowledge of present conditions at the facility, but requests injunctive relief on behalf of current or future OCCC prisoners. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his [injunctive] claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991) ). That is, an inmate's claims for prospective injunctive and declaratory relief are moot when he "no longer is subjected to [the allegedly unconstitutional] policies." *Johnson*, 948 F.2d at 519.

Pitts has no reasonable expectation of returning to OCCC; he is a convicted prisoner, sentenced to a life term. Pitts's allegations of ongoing constitutional violations at OCCC are purely speculative. He cannot state a claim against Defendants in their official capacities for prospective injunctive or declaratory relief and these claims are DISMISSED with prejudice.

**C.    Damages Claims Against Individual Capacity Defendants**

Pitts alleges Defendants violated his constitutional rights by housing him in overcrowded conditions at OCCC and denying him contact with his attorney. Prison officials have a duty to provide prisoners the basic necessities of life, including adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832, 847 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). A prison official violates the Eighth Amendment if: (1) the relevant deprivation is "objectively, 'sufficiently serious,'" and (2) the prison official demonstrated subjective "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 302-03 (1991) ); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

A jail official is liable for inhumane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A plaintiff "must show that the defendant officials had actual knowledge of the plaintiff's basic human needs and deliberately refused to meet those needs." *Johnson*, 217 F.3d at 734.

Allegations of prison overcrowding alone are insufficient to state an Eighth Amendment claim. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *see also Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (holding double-celling by itself did not violate the Eighth Amendment, because it did not lead to deprivations of food, medical care, sanitation, or increased violence). An overcrowding claim is cognizable only if the plaintiff alleges that the crowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471.

### 1. *Supervisory Liability*

Pitts alleges Defendants Ige, Espinda, Ross, Maesaka-Hirata, Tsuhu, and Johnston are liable for his claims because they have "control and supervision" over the state prisons and are responsible for "promulgation and enforcement of rules, regulations, policies, and practices," within the Department of Public Safety and its prisons. *See* Compl., ECF No. 1, PageID #3-4.

"A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798

(9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018)

(quoting *Starr v. Back*, 652 F.3d 1202, 1207 (9th Cir. 2011) ).  "The requisite

causal connection can be established . . . by setting in motion a series of acts by

others or by knowingly refus[ing] to terminate a series of acts by others, which [the

supervisor] knew or reasonably should have known would cause others to inflict a

constitutional injury."  *Starr*, 652 F.3d at 1207-08 (internal quotation marks and

citations omitted) (alterations in original).  Thus, a supervisor may "be liable in his

individual capacity for his own culpable action or inaction in the training,

supervision, or control of his subordinates; for his acquiescence in the

constitutional deprivation; or for conduct that showed a reckless or callous

indifference to the rights of others."  *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652

F.3d at 1208).  To state a claim, a plaintiff must show supervisory defendants

either personally participated in the alleged deprivation of constitutional rights;

knew of the violations and failed to act to prevent them; or promulgated or

"implemented a policy so deficient that the policy 'itself is a repudiation of

constitutional rights' and is 'the moving force of the constitutional violation.'"

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Pitts does not allege that Defendants Ige, Espinda, Ross, Maesaka-Hirata, Tsuhu, or Johnston were directly involved in the allegedly unconstitutional conduct he asserts or that they had knowledge of the constitutional deprivations and acquiesced in them. Rather, Pitts makes completely conclusory allegations that they are responsible for everything that happens at OCCC by virtue of their supervisory positions within DPS and at OCC. He suggests that they allowed a policy that authorized overcrowding at OCCC, but points to no policy or official custom that would allow the deprivations he asserts. These officials may be aware that OCCC is overcrowded, but that does not equate to their knowledge of and acquiescence in the deprivations Pitts alleges. Pitts does not provide dates when the allegations he relates occurred, or to whom he complained, or what those official's responses to his claims were.

A court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), or "an unadorned, the-defendant- unlawfully-harmed-me accusation," *id.* Pitts's conclusory and speculative allegations do not state a plausible claim for relief against Defendants Ige, Espinda, Ross, Maesaka-Hirata, Tsuhu, or Johnston and claims against them are DISMISSED.

### 2. No Linkage

To state a claim under § 1983, Pitts must link each Defendant's personal acts or omissions to his claims. *See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr*, 652 F.3d at 1205-08. Pitts, however, does not even name Defendants Ige, Espinda, Ross, Maesaka-Hirata, Johnston, Blue, Laredo, Larry Hoffman, or Michael Hoffman within his statement of facts. Nor does he allege any personal conduct that shows what they did or failed to do that violated his rights. A plaintiff "must show that the defendant officials had actual knowledge of the plaintiff's basic human needs and deliberately refused to meet those needs." *Johnson*, 217 F.3d at 734. Pitts also fails to state a claim against Ige, Espinda, Ross, Maesaka-Hirata, Johnston, Blue, Laredo, Larry Hoffman, or Michael Hoffman because he fails to link them to his allegations.

### 3. Defendant Barayuga

Pitts alleges that his Case Manager, Andrea Barayuga, "rarely afford[ed] attorney calls" and at times denied him attorney visits. Compl., ECF No. 1, PageID #7. He alleges that, due to his "inability to be in constant contact with his attorney(s)," his motions for a new trial were denied. *Id.*

These claims are too conclusory to state a colorable claim against Barayuga. Pitts does not say when or how often Barayuga denied his requests to call his

attorney, or that she denied all him *all* contact with his attorney. Rather, Pitts's

statement suggests that he was in contact with his attorney, albeit less than he

desired. Moreover, Pitts does not show how Barayuga's actions resulted in his

being resentenced to life with parole, or that he would have received a different

sentence if he had more contact with his attorney. This suggestion is completely

conclusory. Pitts fails to set forth sufficient facts to support a colorable claim

against Baryuga, and this claim is dismissed.

**D.      John and Jane Doe Defendants 1-100**

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to

include the names of the parties in the action. Because it is impossible for the

United States Marshal or others to serve a summons and complaint upon an

anonymous defendant, the use of doe defendants is disfavored in the federal courts.

*See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown when a complaint is

filed, however, a plaintiff may refer to the unknown defendants as Defendant John

Doe 1, John Doe 2, John Doe 3, and so on, but he must allege facts to support how

each particular doe defendant personally violated his rights. The plaintiff may

thereafter use the discovery processes to obtain the names of doe defendants,

unless it is clear that discovery would not uncover the identities, or that the

complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d

1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

Pitts indiscriminately sues John and Jane Doe Defendants 1-100 without

alleging how any particular Doe Defendant individually violated his constitutional

rights.  Pitts fails to state a claim against John and Jane Does 1-100 and they are

DISMISSED without prejudice.

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED for the reasons stated above.  Pitts may file

an amended complaint on or before May 1, 2019, that cures the deficiencies in

those claims dismissed without prejudice.  Pitts MAY NOT expand his claims

beyond those already alleged or add new claims or Defendants without an

explanation regarding how those new claims or Defendants relate to the claims that

he alleged in the original Complaint.

If Pitts elects to file an amended complaint, he must comply with the Federal

Rules of Civil Procedure and the Local Rules for the District of Hawaii,

particularly LR10.3, which requires an amended complaint to be complete in itself

without reference to any prior pleading.  An amended complaint must be short and

plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and MUST BE

submitted on the court's prisoner civil rights form.  An amended complaint will

supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

If Pitts fails to timely file an amended complaint, or is unable to cure the deficiencies in his claims, this action may be dismissed and counted as a "strike" under 28 U.S.C. § 1915(g) without further notice.[7]

## V.  CONCLUSION

(1) The Complaint is DISMISSED with leave granted to amend as detailed above.  Specifically, claims for injunctive relief against Defendants in their official capacities are DISMISSED WITH PREJUDICE.

Damages claims alleged against Defendants in their individual capacities are DISMISSED with leave granted to amend.

(2) Pitts may file an amended pleading that cures the deficiencies in claims dismissed without prejudice on or before May 1, 2019.  The Clerk is DIRECTED

---

[7]28 U.S.C. § 1915 (g) states:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

to send Pitts a prisoner civil rights complaint form so that he may comply with this Order if he elects to file an amended pleading.

(3) If Pitts fails to timely amend his pleadings, or fails to cure the noted deficiencies in those claims dismissed herein with leave to amend, this suit may be AUTOMATICALLY DISMISSED without further notice and he may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:     HONOLULU, HAWAII, April 1, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Pitts v. Ige, et al.*, No. 1:18-cv-00470 LEK-RT; Scrng '19 Pitts 18-470 lek (OCCC overcrdg dsm amd in prt)